Curia per
Johnson, J.
The statute provides that no action shall be brought whereby to charge the defendant upon any special promise to answer fot the debt, default, or miscarriage of another person; unless the agreement upon which such action is brought or some memorandum or note thereof be in writing and signed by the party to be charged therewith. &c.
The cases involving the construction of this clause of the statute are- very numerous and some of the distinctions are very subtile and refined. But the broad rule on which they all proceed, is that when the undertaking is original, it is binding although it is not in writing and although it may have grown out of a debt, &c. of another, but otherwise when it is collateral to the liability of another. A few examples will be sufficient to shew its application to the case under consideration. In the ease of Williams vs. Leper, 3 Bur. 1885, is an example falling within the first of these classes. One Taylor being indebted to the plaintiff for rent in arrear, and being insolvent, made a conveyance of all his effects for the bene- *411 lit of bis creditors. The defendant was employed to sell the goods as a broker, and on the morning on which they were to be sold plaintiff went to the house to distrain them and the defendant then promised to pay the rent if he would forbear to distrain. Lord Mansfield said the case had nothing to do with the statute of frauds, and all the Court agreed that this was an original and not a collateral undertaking, and that defendant was bound. So in Reed vs. Nash, 1 Wils. 305, the Court held that the defendant was bound by his promise although not in writing, to pay to plaintiff £50 and the costs of an action brought by the plaintiff against one Johnson for an assault and battery in consideration that the plaintiff would withdraw that action; for the withdrawing of the action was a good consideration to support the promise.
But in the case of Fish vs. Hutchinson, 2 Wils. 94 the Court held that a promise made by the defendant to pay the plaintiff the amount of money owing to him by one Tickers on consideration that he would stay an action that he had brought against him was within the statute and void; for, say the Court, here is a debt of another person subsisting, and a promise to pay it. The original debtor remained liable, for the plaintiff might, notwithstanding, have proceeded with his action. The undertaking was therefore collateral and according to the rule void.
The case under consideration falls so immediately within the principle of the last case, that a further illustration is deemed unnecessary. Assuming that this was a con-tractmadebetween the parlies and the promise made to the plaintiff, it was a contract to pay the debt of another without any consideration. The defendant was not to be be-nefitted by it, nor the plaintiff prejudiced or delayed- It was not a satisfaction of the execution pro tanto, nor did the plaintiff lose his lien on the estate and effects of *412 Southerland <md he might have proceeded on his execution at the instant. The terms of the contract did not itself impose any delay or even forbearance. It was therefoi’e in this view clearly a collateral undertaking, and void under the statute. But the case itself is still stronger. The promise was to the Sheriff, and he had no authority under his general powers to compromit the plaintiff’s rights by such an arrangement, supposing it to have been legal to have substituted in the place of an execution the naked promise of a stranger. The motion is granted. Judgment arrested.